VERONICA L. MARQUAND *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT
(AC 31347)

DiPentima, C. J., and Bear and Schaller, Js.

Argued June 1—officially released September 21, 2010

*Veronica Marquand*, pro se, the appellant (plaintiff).

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Veronica L. Marquand, appeals from the judgment of the trial court denying her appeal from the decision of the employment security board of review (board), which had denied her

motion to open for lack of subject matter jurisdiction. We affirm the judgment of the trial court.

The record reveals the following facts. By way of a letter dated January 25, 2001, the defendant, the administrator of the Unemployment Compensation Act, informed the plaintiff that a preliminary determination had been made that she had been overpaid unemployment benefits due to her failure to report properly certain earnings. The administrator subsequently sent a letter dated March 27, 2001, to the plaintiff, informing her of the determination that she was, in fact, overpaid unemployment benefits and that the overpayment would be assessed to her account. The letter also informed the plaintiff that, as an administrative penalty, she would have to forfeit twelve weeks of unemployment benefits, to which she would otherwise have been entitled. The letter specifically stated that the determination was based on a review of the plaintiff's case file, as well as her "failure to request or attend a hearing." The plaintiff replied by letter, dated April 14, 2001, stating that she had sought a hearing on the matter and that she wanted to appeal the administrator's March 27, 2001 decision. The plaintiff's April 14, 2001 letter was postmarked April 19, 2001, which was two days after the time limit for filing an appeal. On May 18, 2001, the appeals referee mailed her decision in which she found that the plaintiff failed to show good cause for the late filing of her appeal from the administrator's March 27, 2001 decision and, therefore, dismissed the appeal for lack of jurisdiction. On June 11, 2001, the plaintiff appealed from the referee's decision to the board, and on June 26, 2001, the board dismissed the plaintiff's appeal, finding that, pursuant to General Statutes § 31-248, the plaintiff's appeal from the referee's decision should have been filed within twenty-one days after the referee's decision was mailed. The plaintiff did not pursue the matter any further.

Several years later, in May, 2008, the plaintiff again applied for unemployment benefits. The department of labor informed her that, although she had been awarded unemployment benefits, the funds were being held as a result of the administrative penalty that had been assessed to her account in 2001. On May 31, 2008, the plaintiff sent a letter to the board regarding the matter, claiming that she had repaid the amount overpaid to her as determined by the administrator and that, because her overpayment was "[n]on-fraudulent," she should not have incurred the penalty assessed to her account. The plaintiff also maintained that she had new evidence to show that she had made a timely request in 2001 for a hearing concerning the administrator's preliminary determination regarding the overpayment of benefits to her. The board treated the plaintiff's May 31, 2008 letter as a late motion to open the board's June 26, 2001 decision, and on July 18, 2008, it denied the motion for lack of jurisdiction, finding that there was no good cause for the late filing.

The plaintiff then appealed to the Superior Court on September 8, 2008. On April 20, 2009, the court filed a memorandum of decision in which it found that the plaintiff never had the opportunity to show that the overpayment was not fraudulent. On May 7, 2009, the defendant filed a motion to reargue, claiming that the plaintiff's lack of diligence in pursuing her appeals in this matter had deprived the board of jurisdiction to hear her claims. The motion to reargue was granted on May 20, 2009. Thereafter, on June 25, 2009, the court filed a memorandum of decision in which it denied the plaintiff's appeal. This appeal followed.

"As a preliminary matter, we note the unique place this type of appeal holds in our appellate jurisprudence. [A]ppeals from the board to the Superior Court are

specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are controlled by [General Statutes] § 31-249b. . . . We also are mindful of the remedial nature of our state's statutory scheme of unemployment compensation. . . . This remedial purpose, however, does not support the granting of benefits to an employee guilty of wilful misconduct. . . .

"We now set forth our standard of review. In appeals under . . . § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. Practice Book § 519 [now § 22-9]. The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where . . . the board of review adopted the findings and affirmed the decision of the referee. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board . . . has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Nonetheless, issues of law afford a reviewing court a broader standard of review when compared to a challenge to the factual findings of the referee." (Citations omitted; internal quotation marks omitted.) *Addona* v. *Administrator, Unemployment Compensation Act*, 121 Conn. App. 355, 360–61, 996 A.2d 280 (2010).

The plaintiff first claims that the court improperly granted the defendant's motion to reargue. "[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary

action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Gianetti* v. *Gianetti*, 122 Conn. App. 126, 129, 998 A.2d 807 (2010). In the motion to reargue, the defendant "argued that the court's prior ruling failed to give the appropriate weight to the strict statutory standards for appeals, and the long line of case law in support of that view." Because this is a proper basis for a motion to reargue, the court did not abuse its discretion in granting the defendant's motion to reargue.

The plaintiff also makes numerous other claims concerning error in the court's judgment.[1] Essentially, the only issue for the court to determine was whether the board acted unreasonably, arbitrarily, illegally or in abuse of its discretion when it denied the plaintiff's motion to open for lack of jurisdiction and found that there was no good cause for the late filing. General Statutes § 31-249a provides in relevant part: "(a) Any decision of the board, in the absence of a timely filed

---

[1] Specifically, in the plaintiff's statement of issues in her brief, she claims that the trial court (1) "erred stating that under General Statutes § 31-273, there is no good cause waiver for a late appeal," (2) "did not reasonably weigh the evidence in accordance with the established [b]oard precedent," (3) "failed to consider critical evidence or assigned evidence inappropriate weight," and (4) "failed to protect the [p]laintiff's constitutional right to due process, and failed to give latitude to the [p]laintiff as a pro se party." (Internal quotation marks omitted.)

appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby, shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party, provided . . . any such appeal or motion which is filed after such thirty-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing . . . . (b) Any decision of the board may be reopened, vacated, set aside, or modified on the timely filed motion of a party aggrieved by such decision, or on the board's own timely filed motion, on grounds of new evidence or if the ends of justice so require upon good cause shown. . . ." On the basis of the record, we conclude that there was ample evidence to support the board's decision that the plaintiff failed to file a timely appeal both with the referee and with the board and that no good cause exists for the late filing of the motion to open. Accordingly, the court properly denied the plaintiff's appeal.

The judgment is affirmed.