******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAUREN C. CRAGG *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 36868)

Lavine, Sheldon and Prescott, Js.

*Argued May 26—officially released October 13, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Hon. Robert F. Stengel, judge trial referee.)

*Joseph A. La Bella*, with whom was *Linda Bulkovitch*, for the appellant (plaintiff).

*Maria C. Rodriquez*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general,
for the appellee (named defendant).

*Opinion*

LAVINE, J. In this case, the plaintiff, Lauren C. Cragg, appeals from the judgment of the trial court rendered in favor of the defendants, the Administrator of the Unemployment Compensation Act (administrator) and the Employment Security Appeals Division—Board of Review (board).[1] On appeal, the plaintiff claims that the trial court improperly (1) granted the administrator's motion for judgment and (2) denied the plaintiff the opportunity for oral argument before ruling on the administrator's motion. We affirm the judgment of the trial court.

The following facts, as adopted by the board, and procedural history are relevant to our disposition of the plaintiff's appeal. On June 22, 2012, the plaintiff resigned from her employment with the city of New London (city) because she was under the impression, based on the New London City Council's proposed budget, that funding for her position was to be eliminated. The plaintiff applied for unemployment compensation benefits, which application was granted by the administrator, effective July 29, 2012. The administrator found that even though the plaintiff had voluntarily left her job, there was good cause for her to have left, attributable to the city. The city filed a late appeal on October 15, 2012.

On November 13, 2012, an appeals referee (referee) heard the city's appeal. The referee made the following findings of fact. The plaintiff had been employed by the city as a full-time risk manager from October 23, 2010, to July 2, 2012. The plaintiff, based on her review of the minutes of a city council meeting held on May 29, 2012, concluded that the city council had considered a proposal eliminating the funding for her position. The city never indicated to her that her position was in jeopardy, nor did the plaintiff inquire about the status of her employment with her supervisor, Jeff Smith. Bernadette Welch, the city's personnel director, assured the plaintiff that her position was not at risk. On June 19, 2012, the city council finalized its budget, which included funding for the plaintiff's position. On June 22, 2012, the plaintiff submitted her resignation, by e-mail, effective July 2, 2012. The plaintiff resigned in anticipation of being discharged based on her mistaken belief that her position was being eliminated. She did not know, however, if her position was eliminated or when the city would discharge her.

On November 14, 2012, the referee issued her decision. The referee first found good cause for the city's untimely appeal.[2] The referee stated that pursuant to General Statutes § 31-236 (a) (2) (A), an employee is disqualified from receiving unemployment benefits if she willingly left suitable work, without good cause attributable to the employer. The referee concluded

that the plaintiff's fear of future discharge did not afford her good cause for leaving her employment and, therefore, she was ineligible for benefits pursuant to § 31-236 (a) (2) (A). In doing so, the referee found that the plaintiff failed to seek clarification from Welch or Smith, regarding her employment status. The referee concluded that the plaintiff's failure to seek clarification, along with the fact that discharge was not imminent, disqualified the plaintiff from receiving benefits. In coming to her conclusion, the referee stated that "[i]f it is unclear whether the claimant will be discharged, it is her burden to seek clarification of her status from the employer" and "[q]uitting because of the mere possibility of future discharge generally will be considered a voluntary separation without good cause attributable to the employer." The referee reversed the administrator's ruling and sustained the city's appeal.

The plaintiff filed a timely motion to open the referee's decision, which the referee denied.[3] On December 21, 2012, the plaintiff filed an appeal from the referee's decision to the board. In her appeal, the plaintiff requested a hearing before the full board. The board issued its decision on April 5, 2012. On the basis of the claims the plaintiff raised before the board, the board came to the following conclusions. First, the board denied the plaintiff's request for an evidentiary hearing, concluding that she "failed to show, pursuant to [§] 31-237g-40 of the Regulations of Connecticut State Agencies, that the ends of justice require that the board receive additional evidence or testimony in order to adjudicate the appeal."[4] The board further concluded that there was no basis for admitting the plaintiff's alleged new evidence and, therefore, that the referee did not err in denying the plaintiff's motion to open. The board, after reviewing the record of the plaintiff's appeal, adopted the referee's findings of fact, affirmed the referee's decision, and dismissed the plaintiff's appeal.

Pursuant to General Statutes § 31-249b, the plaintiff appealed to the trial court from the decision of the board.[5] She did not file a motion to correct the board's findings pursuant to Practice Book § 22-4.[6] On November 14, 2013, the administrator filed a motion for judgment seeking the dismissal of the plaintiff's appeal with an attached memorandum of law in support of the motion. The plaintiff then filed three forms requesting oral argument on the motion for judgment, but she did not appropriately claim her appeal for the short calendar. Without holding a hearing, the court granted the administrator's motion for judgment. On April 24, 2014, the plaintiff moved for reargument, reconsideration, and articulation, which the court denied. This appeal followed. During the pendency of this appeal, the plaintiff filed a second motion for articulation pursuant to Practice Book § 66-5, asking the trial court to state the factual and legal basis for its ruling. The court

granted the motion and issued its written memorandum of decision on July 22, 2014.

We begin by setting forth the applicable standard of review. In appeals of this nature, the trial court does not try the matter de novo. *Acro Technology, Inc.* v. *Administrator*, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). "The trial court's standard of review with regard to administrative appeals is limited. Such appeals are heard by the court upon certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. . . . The court's ultimate duty is to decide only whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Phillips* v. *Administrator, Unemployment Compensation Act*, 157 Conn. App. 342, 350, 115 A.3d 1162 (2015).

"When considering an appeal from the board, we have stated that [a] plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached." (Internal quotation marks omitted.) *Davis* v. *Administrator, Unemployment Compensation Act*, 155 Conn. App. 259, 262–63, 109 A.3d 540 (2015).

I

The plaintiff first claims that the court improperly granted the administrator's motion for judgment on the merits. Specifically, she argues that the court improperly affirmed the board's decision, which the plaintiff claims was arbitrary, unreasonable, and an abuse of discretion. The plaintiff also claims that the court improperly affirmed the board's determination that the referee did not error in denying her motion to open. We disagree.

Section 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) (A) If, in the opinion of the administrator, the individual has left suitable work voluntarily and without good cause attributable to the employer . . . provided . . . no individual shall be ineligible for benefits if the individual leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changes in conditions created by the individual's employer . . . ."

The board, in its adoption of the referee's findings, found that the plaintiff voluntarily left her employment without good cause attributable to the city, which in turn disqualified her from receiving unemployment compensation benefits. Specifically, the board and referee found that the plaintiff resigned in anticipation of a funding cut and that she did not approach her supervisor regarding her employment status. "Insofar as the plaintiff's appeal is directed to the factual findings of the appeals referee, appellate review is limited to determining whether these factual conclusions were reasonably and logically drawn." (Internal quotation marks omitted.) *Rivera* v. *Administrator*, 4 Conn. App. 617, 619, 495 A.2d 1125 (1985). The referee credited, and the board accepted, the city's version of the events over that of the plaintiff. The board found that "Welch credibly testified that she spoke to the [plaintiff] on May 30 or May 31, 2012, immediately following the [city] council's preliminary budget proposal, told her not to worry, and explained that the budget was likely to pass." Practice Book §22-9 (a) provides in relevant part that the court "cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of the witnesses." Welch's credible testimony coupled with the board's finding that "the [city] council ultimately passed a budget that did not cut funding for the [plaintiff's] position" undermines the plaintiff's argument that she was eligible for benefits due to the change in the conditions of her employment.

The plaintiff also claims that the court improperly affirmed the board's conclusion that the referee did not err in denying her motion to open. "[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Marquand* v. *Administrator, Unemployment Compensation Act*, 124 Conn. App. 75, 79–80, 3 A.3d 172 (2010), cert. denied, 300 Conn. 923, 15 A.3d 630 (2011). The plaintiff argues that she should have been given the opportunity to present evidence to impeach Welch's credibility. Specifically, the plaintiff contends that the city did not post her job position until after the referee's hearing and that the board and referee erred in crediting Welch's testimony. The board found that "[t]he fact that the [plaintiff's] position remained unfilled following her resignation has no impact on whether she voluntarily resigned with good cause attributable to the [city] on June 22, 2012." In concluding that the referee did not err in denying the plaintiff's motion to open, the board found that there was no basis

to supplement the record with the plaintiff's alleged new evidence.

Under the facts of this case, the referee's finding, as adopted by the board, that the plaintiff's resignation occurred when her discharge was not imminent, was reasonably and logically drawn. The board also did not abuse its discretion in affirming that the referee properly denied the plaintiff's motion to open. The board's conclusions were supported by the subsidiary facts found and were, therefore, not unreasonable or arbitrary.

## II

The plaintiff's second claim is that the court failed to hold oral argument before granting the administrator's motion for judgment. We agree that it was error for the plaintiff to be denied oral argument. Under the limited and narrow facts of this case, however, we conclude that the court's decision to grant the motion without affording the plaintiff argument constituted harmless error.

The following facts are relevant to our resolution of this claim. On November 14, 2013, the administrator filed a motion for judgment pursuant to Practice Book § 22-2 with an attached memorandum of law in support of the motion.[7] In its memorandum of law, the administrator requested that the court dismiss the plaintiff's appeal on the merits. The plaintiff filed three requests for oral argument, each of which contested the factual findings made by the referee and adopted by the board. In the plaintiff's first and second requests for oral argument, she listed the following grounds for her request: "The facts in the motion for judgment are not true based on the untrue statements made by Bernadette Welch while she was under oath at the hearing on November 12, 2013. Also, at the time of my departure, I believed that the position of risk manager was being eliminated, as stated in the minutes of the city council on May 29, 2010. In fact the position has never been filled nor funded since I left the city on July 2, 2010." In her third request for oral argument, the plaintiff contested the credibility of Welch's testimony before the referee.

For reasons not entirely clear in the record, the appeal was not placed on short calendar and no hearing was held prior to the court's granting the administrator's motion for judgment on the merits. In its memorandum of decision dated July 22, 2014, the court found that the administrator had established that the motion for judgment should be granted.

## A

We first consider the plaintiff's claim that the court's failure to hold oral argument on the motion for judgment constituted error. In support of this contention, the plaintiff argues that she was entitled to a hearing pursuant to chapter 22 of the Practice Book and the

court improperly granted the administrator's motion for judgment before affording her the opportunity to be heard. We agree with the plaintiff.

The plaintiff's claim requires us to construe the language of the rules of practice and, therefore, our review is plenary. See *State* v. *Sheriff*, 301 Conn. 617, 622, 21 A.3d 808 (2011). Practice Book § 22-9, entitled "Function of the Court," provides in relevant part that unemployment compensation appeals "are heard by the court upon the certified copy of the record filed by the board. . . . It considers no evidence other than that certified by the board, and then for the limited purpose of determining whether the finding should corrected, or whether there was any evidence to support in law the conclusions reached. . . . *In addition to rendering judgment on the appeal*, the court may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. . . ." (Emphasis added.) "Plainly, then, the court's primary function is rending judgment on the appeal." *Law Offices of Neil Johnson* v. *Administrator, Unemployment Compensation Act*, 101 Conn. App. 782, 791, 924 A.2d 859 (2007). In *Law Offices of Neil Johnson* v. *Administrator, Unemployment Compensation Act*, supra, 101 Conn. App. 790–91, this court held that a motion for judgment on the merits is appropriate in unemployment compensation appeals given the court's ultimate function pursuant to Practice Book § 22-9. When such adjudication is the ultimate task of the court, the plaintiff is entitled to oral argument.[8]

It is apparent that under Practice Book § 22-2, titled "Assignment for Hearing," parties bringing appeals from the decisions of the board to the trial court are entitled to oral argument as to the merits of their appeal. As a general proposition, it is self-evident that parties should be afforded the right to be heard on the merits of their appeal; this is fair, reasonable, and fundamental to our adversarial system. Indeed, it is commonplace for courts to hold hearings before ruling on motions for judgment. See, e.g., *Cuevas* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Fairfield, Docket No. CV-14-5030263-S (May 15, 2015); *Gonzalez* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Fairfield, Docket No. CV-14-5030264-S (March 25, 2015); *Jensen* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Fairfield, Docket No. CV-14-5030265-S (March 25, 2015); *Rosa* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Fairfield, Docket No. CV-14-5030268-S (March 25, 2015). In the present case, the plaintiff attempted to invoke her right to a hearing through her three separate requests for oral argument. The plaintiff argues that the court should not have deprived her of oral argument merely because "she filed the wrong form, requesting argument rather

than claiming the case for a trial."[9] In essence, the plaintiff contends that she put the court on notice three times that she wished to be heard on the merits of her appeal and, therefore, did not waive her right to oral argument. The court, nonetheless, dismissed the plaintiff's appeal without affording her a hearing. We therefore conclude that the court should not have granted the administrator's motion for judgment absent oral argument.

B

Given the procedural realities of this case, however, the failure to permit the plaintiff to be heard was harmless error. See *Wasilewski* v. *Commissioner of Transportation*, 152 Conn. App. 560, 570, 99 A.3d 1181 (2014) (holding that plaintiff entitled to hearing as matter of right but denial of hearing was nonetheless harmless error). Although we conclude, under the particular circumstances of this case, that the error is harmless, we, nonetheless, reiterate the importance of providing litigants with the opportunity to be heard on the merits of their appeals consistent with chapter 22 of the Practice Book and *Law Offices of Neil Johnson* v. *Administrator*, *Unemployment Compensation Act*, supra, 101 Conn. App. 782. In a future case, different circumstances might dictate a different result.

"In order to constitute reversible error . . . the ruling must be both erroneous and harmful. . . . The burden of proving harmful error rests on the party asserting it . . . and the ultimate question is whether the erroneous action would likely affect the result." (Internal quotation marks omitted.) Id., 570. In the present case, the plaintiff's requests for oral argument were based on her desire to contest the factual findings of the board. The plaintiff's failure, however, to file a motion to correct precluded further review of the board's factual findings. See *Resso* v. *Administrator*, *Unemployment Compensation Act*, 147 Conn. App. 661, 665, 83 A.3d 723 (2014). In addition, the trial court "cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of the witnesses." Practice Book § 22-9.

In conclusion, the court properly granted the administrator's motion for judgment because the board's decision was reasonable and supported by the record. We cannot conclude that the board acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Under the particular facts of this case, although the court improperly granted the administrator's motion for judgment without holding oral argument, that error was harmless.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's employer, the city of New London, also was named as a defendant, but did not appear before the trial court and is not a party to this appeal.

[2] The referee found that the city did not receive the "Notice of Potential Liability" and, therefore, concluded that the employer established good cause for its late filing.

[3] The plaintiff sought to present "new" evidence to challenge the city's reason for filing a late appeal and the city's lack of effort to fill the plaintiff's position. The referee, in denying the motion to open, found that the alleged new evidence could have been presented during the hearing before the referee or was not relevant and unlikely to affect the result of the case.

[4] In reaching its conclusion, the board stated: "The claimant is essentially attempting to reargue her case. A party is not entitled to a new hearing for the purpose of rearguing its case or presenting additional evidence unless the party can show that it has evidence that is newly discovered or that the party had good cause for failing to present evidence at the original hearing. See *Villano* v. *Administrator*, [Dept. of Labor, Employment Security Appeals Division, Board of Review] Case No. 629-BR-89 [October 12, 1989]."

[5] We note that the plaintiff represented herself before the trial court, but was represented by appellate counsel before this court.

[6] Practice Book § 22-4 provides in relevant part: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for . . . ."

[7] This court held in *Law Offices of Neil Johnson* v. *Administrator, Unemployment Compensation Act*, 101 Conn. App. 782, 791, 924 A.2d 859 (2007), that a motion for judgment on the merits is appropriate in an unemployment compensation appeal. This court explained that it saw "no good reason, nor [had] the plaintiff demonstrated any, why a party should not be permitted to claim an unemployment compensation appeal to the short calendar on the merits, when such adjudication is the ultimate task of the court." Id.

[8] We note that a motion for judgment on the merits in an unemployment compensation appeal bears some similarity to motions seeking summary adjudication in civil matters listed under Practice Book § 11-18. Section 11-18, entitled "Oral Argument of Motions in Civil Matters," provides in relevant part that "[o]ral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. For those motions, oral arguments shall be a matter of right . . . ."

[9] "This court . . . has stated that it has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have [her] case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Emphasis omitted; internal quotation marks omitted.) *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 787, 12 A.3d 1067 (2011).