CHARLES D. GIANETTI *v.* JOSEPH LUCIAN GERARDI
(AC 30628)

Harper, Beach and Robinson, Js.

Argued January 15—officially released June 22, 2010

*Charles D. Gianetti*, pro se, the appellant (plaintiff).

*Joseph L. Gerardi*, pro se, the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Charles D. Gianetti, appeals from the judgment of the trial court rendered in accordance with a report filed by an attorney trial referee (referee) in favor of the defendant, Joseph Lucian Gerardi.[1] The plaintiff claims that the court improperly denied his motion to reargue his objection to the referee's report. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts and procedural history appear in the record. In 2001, the plaintiff commenced this action against the defendant. The dispute involved the alleged nonpayment of medical expenses to the plaintiff for services rendered to a client who the defendant had represented in a personal injury matter. In a substitute complaint filed in March, 2002, the plaintiff included three counts alleging breach of implied contract, unjust enrichment and quantum meruit. The defendant filed an answer and special defenses. Subsequently, the matter was referred to the referee, who filed a report with the court on September 29, 2003. The referee set forth his findings of fact, legal conclusions and recommendation that judgment enter in the defendant's favor.

On October 17, 2003, the plaintiff filed a motion pursuant to Practice Book § 19-18, requesting an extension of time to file an objection to the referee's report. The motion provided in relevant part that "[the] plaintiff respectfully requests an extension of time to [thirty] days after the transcript of the trial is received to file objections to the report of the . . . [r]eferee. The transcript of the trial has been ordered." On November 4,

---

[1] Both parties appeared pro se before the trial court and before this court. The defendant is a Connecticut attorney.

2003, the court clerk sent notice to the parties that the court, *Thim, J.*, had granted the plaintiff's motion. On February 27, 2004, the defendant filed a motion for judgment on the report.

On March 9, 2004, the plaintiff filed an objection to the referee's report. On June 23, 2008, the court, *Arnold, J.*, "denied" the objection, stating only that it had been filed in an untimely manner. On March 15, 2004, the plaintiff filed an objection to the defendant's motion for judgment on the report. The plaintiff represented in this motion that he had received the trial transcript from the court monitor on or about February 26, 2004. On June 23, 2008, the court, *Arnold, J.*, overruled the objection on the ground that it was untimely as it had been "made more than [thirty] days after notification that transcript was ready." In ruling on the plaintiff's objection to the referee's report, the court expressly referred to its ruling on the plaintiff's objection to the defendant's motion for judgment on the report.

On July 11, 2008, the plaintiff filed a motion to reargue the court's rulings of June 23, 2008. The plaintiff represented that the court improperly had deemed his filings to be untimely when, in fact, he had filed them well within thirty days of his having received the trial transcript. The plaintiff relied on the court's order of November 3, 2003, granting his request for an extension of time in which to file an objection to the referee's report until thirty days after he had received the trial transcript. The court, *Arnold, J.*, heard argument on the plaintiff's motion to reargue on December 1, 2008. On that same date, the court clerk issued notice of the following ruling on the plaintiff's motion to reargue: "The court reaffirms its earlier decision overruling [the] objection to the report of the attorney trial referee. The objection was untimely filed. Judgment on the report of the attorney trial referee was granted . . . on June

28, 2008." On December 18, 2008, the plaintiff timely appealed from the court's judgment on the report.[2]

The plaintiff claims that the court improperly denied his motion to reargue his objection to the referee's report. "[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citations omitted; internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 451–52, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

In ruling on the plaintiff's motion to reargue, the court reaffirmed its earlier decision to deny the plaintiff's

[2] The court file reflects that the court granted the defendant's motion for judgment on the referee's report on June 23, 2008. The court file does not reflect that the court sent notice of its judgment to the parties, and the plaintiff represents that he did not receive notice of the court's judgment until December 1, 2008, when he received written notice of the court's ruling denying his motion to reargue. Because "an appeal must be filed within twenty days of the date notice of the judgment or decision is given"; Practice Book § 63-1 (a); the present appeal from the judgment on the report is timely.

objection to the report on timeliness grounds. The gist of the court's decision was that the plaintiff had filed the objection more than thirty days after he had received *notice* from the court monitor that the trial transcript was ready. At the hearing on the motion to reargue, the plaintiff represented that he had filed his objection to the referee's report within thirty days of his receipt of the trial transcript. During argument on the plaintiff's motion to reargue, the defendant did not challenge the accuracy of this factual representation but argued that the objection was untimely because the plaintiff had not filed his objection within thirty days after he had notice that the trial transcript was ready. Likewise, in denying the motion to reargue, the court did not state that the plaintiff's factual representation, that he had filed his objection to the referee's report within thirty days of his receipt of the trial transcript, was untrue. In any event, the record reflects that, in granting the plaintiff's motion for an extension of time in which to file his objection to the report, the court, in plain language, afforded the plaintiff thirty days from his *receipt* of the trial transcript, not from the date on which the plaintiff had notice that the transcript was ready. The construction of an order is a question of law over which we exercise plenary review. See *State* v. *Denya*, 294 Conn. 516, 529, 986 A.2d 260 (2010). It readily appears from the record that the court, in denying the motion to reargue, based its ruling on a flawed interpretation of the order granting the plaintiff an extension of time in which to file an objection to the report.[3] Accordingly, we conclude that the court's denial of the plaintiff's motion to reargue reflects an abuse of discretion and reverse the court's judgment. Before the

[3] The defendant argues that the record is inadequate to review the court's denial of the plaintiff's motion to reargue. As our analysis reflects, the record of the court's rulings adequately sets forth the basis for the court's ruling on this motion.

court may render judgment on the report, it must determine, in conformity with the ruling on the motion for an extension of time, whether the plaintiff had filed his objection to the report within thirty days of his receipt of the trial transcript, and, if he did so, the plaintiff must be afforded an opportunity to be heard concerning his objections to the report.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.