******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WACHOVIA MORTGAGE, FSB *v.* PAWEL
TOCZEK ET AL.
(AC 41851)

Elgo, Devlin and Harper, Js.

*Syllabus*

The plaintiff M Co. sought to foreclose a mortgage on certain real property
owned by the defendants A and T following their default on a promissory
note secured by the mortgage. Thereafter, W Co., which had been substi-
tuted as the plaintiff in the action following its acquisition of M Co.,
filed a motion for summary judgment as to liability. In support of its
motion, W Co. attached an affidavit from H, the vice president of loan
documentation for M Co., who attested concerning the debt owed under
the note and that W Co. was the current holder of the note. H included
with his affidavit a copy of both the note and the mortgage, which he
referenced therein. No objection to the motion was filed. The trial court
granted W Co.'s motion for summary judgment as to liability, which it
treated as unopposed, concluding that H's affidavit in conjunction with
the note and mortgage constituted a prima facie case for a judgment
of strict foreclosure and that W Co. had met its burden of showing that
it was entitled to judgment as a matter of law. Thereafter, the trial court
granted W Co.'s motion for a judgment of strict foreclosure and rendered
judgment thereon. The trial court subsequently denied A's motion to
reargue, and A appealed to this court. *Held*:

1. A could not prevail on her claim that the trial court lacked subject matter
   jurisdiction because W Co. did not have standing because it was not
   the holder of the subject note, which was premised on her claim that
   the note was a nonnegotiable instrument pursuant to the relevant statute
   (§ 42a-3-104 (a)) because it was not for a fixed amount of money and
   was governed by federal law; because A's claim challenged the validity
   of the note, as opposed to W Co.'s actual possession of the note or
   ownership of the mortgage, it implicated the merits of the foreclosure
   action and, therefore, was not jurisdictional.

2. Contrary to A's claim, the trial court properly granted W Co.'s motion for
   summary judgment as to liability, as W Co. established its prima facie
   case for foreclosure by pleading that it was the holder of the note on
   which A had defaulted and submitting H's affidavit, which included and
   incorporated by reference copies of the note and mortgage, the record
   did not reflect any issues with regard to conditions precedent to foreclo-
   sure, and A did not attempt to rebut W Co.'s status as the holder of
   the note and, in fact, failed to file any opposition to the motion for
   summary judgment.

3. The trial court did not abuse its discretion by granting W Co.'s motion
   for a judgment of strict foreclosure; contrary to A's claim that W Co.
   failed to follow the procedures set forth in the rule of practice (§ 23-
   18) pertaining to proof of debt in foreclosure actions because it did not
   provide a preliminary statement of debt or affidavit of debt no less than
   five days before the hearing on the motion for a judgment of strict
   foreclosure, W Co. complied with § 23-18, as the plain language of that
   rule of practice only requires that the preliminary statement of the
   plaintiff's monetary claim be filed no less than five days prior to the
   hearing, and W Co. filed its preliminary statement of its monetary claim
   almost nine years prior to the hearing and, thereafter, filed several
   additional affidavits of debt, informing A as to how much she owed
   under the note.

4. The trial court did not abuse its discretion when it denied A's motion to
   reargue the judgment of strict foreclosure: A's claim that that court
   overlooked the fact that the requirement in the applicable rule of practice
   (§ 23-18) that the plaintiff's preliminary statement of debt be filed no
   less than five days before a hearing on a motion for a judgment of strict
   foreclosure was mandatory was unavailing, as the court had before it
   several affidavits containing a preliminary statement of W Co.'s monetary
   claim that were filed far in advance of five days before the June, 2018
   hearing, including the preliminary statement of monetary claim filed in

September, 2009; moreover, A failed to proffer any additional or new evidence separate from that which the trial court heard in the prior proceeding, nor did she demonstrate a misapprehension of facts or claims of law that the court failed to address.

Argued October 17, 2019—officially released February 25, 2020

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the named defendant et al. filed a counterclaim; thereafter, Wells Fargo Bank, N.A., was substituted as the plaintiff; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the substitute plaintiff's motion for summary judgment as to liability on the complaint and as to the counterclaim; thereafter, the court, *Genuario, J.*, granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon; subsequently, the court, *Genuario, J.*, denied the motion to reargue filed by the defendant Aleksandra Toczek, and the defendant Aleksandra Toczek appealed to this court; thereafter, the defendant Aleksandra Toczek filed an amended appeal. *Affirmed.*

*Aleksandra Toczek*, self-represented, the appellant (defendant).

*David M. Bizar*, with whom was *J. Patrick Kennedy*, for the appellee (substitute plaintiff).

*Opinion*

HARPER, J. The defendant Aleksandra Toczek[1] appeals from the judgment of strict foreclosure rendered in favor of the substitute plaintiff, Wells Fargo Bank, N.A.[2] On appeal, the defendant claims that the trial court (1) lacked subject matter jurisdiction because the plaintiff did not have standing, (2) improperly granted the plaintiff's motion for summary judgment as to liability, (3) improperly granted the plaintiff's motion for a judgment of strict foreclosure in violation of Practice Book § 23-18, and (4) abused its discretion when it denied the defendant's motion to reargue the judgment of strict foreclosure. We disagree with the defendant and, accordingly, affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On May 10, 2007, Pawel Toczek signed a promissory note (note) payable to World Savings Bank, FSB, for a principal amount of $880,000. Shortly thereafter, he and the defendant executed a mortgage in favor of World Savings Bank, FSB, on real property located at 113 Soundview Court, Stamford. The note required biweekly principal and interest payments beginning on June 11, 2007, lasting until maturation on May 28, 2037. Since July 7, 2008, neither Pawel Toczek nor the defendant has made any payments as required by the note secured by the mortgage.

On February 12, 2009, the original plaintiff, Wachovia Mortgage, FSB (Wachovia), notified both the defendant and Pawel Toczek that they were in default and that failure to cure would result in acceleration of the debt. Neither Pawel Toczek nor the defendant took steps to cure the default; thus, Wachovia elected to accelerate the sums due. Wachovia then commenced the present action and, in July, 2009, moved for a judgment of strict foreclosure and a finding of entitlement of possession. Then, on November 2, 2010, the plaintiff moved for summary judgment as to liability on the allegations of the complaint and the defendant's special defenses, as well as to the defendant's counterclaim.

In support of the motion for summary judgment, the plaintiff attached an affidavit attested to by Thomas S. Hermann (Hermann affidavit), the vice president of loan documentation for Wachovia, confirming the debt owed by the defendant and the plaintiff's possession of the note at issue. Referenced in and included with the affidavit was a copy of both the note and the mortgage. Only the plaintiff filed affidavits and exhibits with regard to the motion for summary judgment. Therefore, the trial court treated the motion for summary judgment as unopposed. Prior to the motion for summary judgment, the defendant had filed an answer, a setoff, special defenses, and a counterclaim. The court, however, concluded that no facts were alleged, but, rather, the defen-

dant's responses were merely conclusory and failed to state any claims. On June 21, 2011, the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion for summary judgment as to liability on its complaint and summary judgment in the plaintiff's favor on the defendant's setoff and counterclaim. The court concluded that the contents of the Hermann affidavit in conjunction with the note and mortgage constituted a prima facie case for a judgment of strict foreclosure and that, because the defendant failed to plead facts to support any special defenses, the plaintiff met its burden of showing that it was entitled to judgment as a matter of law.

Despite having been filed in July, 2009, the motion for a judgment of strict foreclosure was heard by the court and granted on June 21, 2018. Several months later, the court issued a memorandum of decision and recognized that "there had been numerous procedural and substantive causes for delay including multiple bankruptcy filings, multiple motions to dismiss, [and] significant discovery disputes among others." Additionally, the court found the following facts: summary judgment as to liability had entered against the defendant, the plaintiff was the current holder of the note, the defendant's debt totaled $1,480,218.51, and the debt exceeded the property value by more than $800,000.

On July 11, 2018, the defendant filed a motion to reargue the court's June 21, 2018 judgment of strict foreclosure. The defendant argued that (1) because the note, by its own terms, was governed by federal law, such designation precludes the application of this state's adoption of the Uniform Commercial Code (UCC) and, thus, eliminates the plaintiff's standing, and (2) the court erred in proceeding when the most recent affidavit of debt was filed less than five days before the June 21, 2018 hearing. The court, *Genuario, J.*, denied the defendant's motion, having concluded that "there is nothing inconsistent with a determination that a note is governed by federal law and the application of the principles embodied in the UCC as many federal courts have applied those principles as a body of federal common law," the plaintiff is the holder of the note, and the plaintiff complied with the timeliness requirement for filing an affidavit of debt pursuant to Practice Book § 23-18. This appeal followed.[3]

I

The defendant first contends that the court lacked subject matter jurisdiction because the plaintiff does not have standing. In particular, she argues that the plaintiff lacks standing because it is not the holder of the note, a claim premised solely on her assertion that the note is a nonnegotiable instrument pursuant to General Statutes § 42a-3-104 (a).[4] According to the defendant, the note is nonnegotiable because it is not for a fixed amount of money pursuant to § 42a-3-104 (a) and

it contains conspicuous language recognizing federal law, as opposed to the UCC, as the governing law.

The defendant's assumption that the negotiability of the note implicates standing is without support under Connecticut law. Instead, such claims go to the merits of the case and are not jurisdictional. We find this court's holding in *Wells Fargo Bank, N.A.* v. *Strong*, 149 Conn. App. 384, 89 A.3d 392, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014), instructive.

In *Wells Fargo Bank, N.A.*, this court stated: "The defendants make much of the maxim that standing implicates the subject matter jurisdiction of the court and may be raised at any time. The defendants, however, fail to understand that there is a difference between challenging a party's standing to maintain a cause of action and challenging the merits of the cause of action itself. The question of standing does not involve an inquiry into the merits of the case. It merely requires the party to make allegations of a colorable claim of injury to an interest which is arguably protected or regulated by the statute . . . in question. . . .

"When the defendants argued . . . that the plaintiff was not a *proper* holder of the note, their argument went to the merits of the case, that is, to whether the plaintiff should prevail. Although they called their claim a lack of subject matter jurisdiction, we do not view it as such. We view it, instead, as a claim that goes to the heart of the issues that would have had to be resolved . . . [at] trial. . . .

"To prevail in an action to enforce a negotiable instrument, the plaintiff must be a holder of the instrument or nonholder with the rights of a holder. . . . This status is an element of an action on a note. . . . The failure to plead this fact properly is challenged by a motion to strike. . . . The failure to prove such element will result in a judgment for the defendants. . . . In neither event is jurisdiction implicated. . . . [W]e conclude that [a] defendant's challenge to the *validity* of the plaintiff's status as owner of the note and mortgage, as opposed to the plaintiff's actual possession of the note and ownership of the mortgage, implicates the merits of the . . . foreclosure action, not the plaintiff's standing to bring the action." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 399–400.

In the present case, the defendant does not dispute the plaintiff's actual possession of the note or the ownership of the mortgage. In her claim that the note is not for a fixed sum and governed by federal law, the defendant challenges the validity of the note itself which, as *Wells Fargo Bank, N.A*, provides, is a claim that goes to the merits of the foreclosure action and is not jurisdictional. Therefore, the defendant's subject matter jurisdiction claim fails.

## II

Next, the defendant claims that the court erred when it granted the plaintiff's motion for summary judgment as to liability. More specifically, she argues that the plaintiff was unable to meet its burden to make a prima facie case for foreclosure because the note was nonnegotiable. The defendant, again, contends that the note is nonnegotiable because it contained conspicuous language that it was governed by federal law and that it was not for a fixed amount. Further, the defendant argues that the court failed to consider that the term "holder" means " [a] person in possession of a negotiable [note] that is payable either to bearer or to an identified person that is the person in possession . . . ." We disagree with the defendant.

We begin our analysis by setting forth the standard of review. "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary. . . . [I]n seeking summary judgment, it is the movant who has the burden of showing . . . the absence of any genuine issue as to all the material facts [that], under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . .

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant [a motion for] summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Fitzpatrick*, 190 Conn. App. 773, 788–89, 212 A.3d 732, cert. denied, 333 Conn. 916, 217 A.3d 1 (2019).

"When a party files a motion for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." (Internal quotation marks omitted.) *Lefebvre* v. *Zarka*, 106 Conn. App. 30, 38–39, 940 A.2d 911 (2008). "[I]f the affidavits and the other supporting documents [of the nonmoving party] are inadequate, then the court is justified in granting the [motion for] summary judgment, *assuming that the movant has met his burden* . . . ." (Emphasis in original; internal quotation marks omitted.) *Mott* v. *Wal-Mart Stores East, LP*, 139 Conn. App. 618, 631, 57 A.3d 391 (2012).

In the present case, the plaintiff pleaded that it was the holder of the note on which the defendant had defaulted and the plaintiff foreclosed. The plaintiff also

submitted to the court an affidavit that included and incorporated by reference copies of the note and mortgage that it has possessed since it acquired Wachovia. See footnote 2 of this opinion. Additionally, the record does not reflect any issues with regard to conditions precedent to foreclosure. The plaintiff, therefore, established its prima facie case. The defendant did not attempt to rebut the plaintiff's status as a holder of the note—in fact, the defendant did not file *any opposition* to the plaintiff's motion for summary judgment.

Because the plaintiff established a prima facie case that it is the holder of the note in dispute, and the defendant did not contest that showing, we reject the defendant's claim that the court erred when it granted the plaintiff's motion for summary judgment as to liability.

### III

The defendant's third claim is that the court improperly granted the plaintiff's motion for a judgment of strict foreclosure in violation of Practice Book § 23-18. Specifically, she argues that the plaintiff failed to follow the procedures outlined in § 23-18, in that it did not provide a preliminary statement of debt or affidavit of debt no less than five days before the hearing. We disagree.

We first set forth our standard of review. "The standard of review of a judgment of . . . strict foreclosure is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Bank of America*, *N.A.* v. *Gonzalez*, 187 Conn. App. 511, 514, 202 A.3d 1092 (2019).

As discussed previously in this opinion, "[i]n order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied." (Internal quotation marks omitted.) *U.S. Bank*, *National Assn.* v. *Fitzpatrick*, supra, 190 Conn. App. 788–89. Additionally, Practice Book § 23-18 (b) provides: "No less than five days before the hearing on the motion for judgment of foreclosure, the plaintiff shall file with the clerk of the court and serve on each appearing party, in accordance with Sections 10-12 through 10-17, a preliminary statement of the plaintiff's monetary claim."

On appeal, the defendant argues that the plaintiff's

June 18, 2018 affidavit of debt was untimely because it was filed less than five days prior to the June 21, 2018 hearing on the motion for a judgment of strict foreclosure. We disagree.

The plain language of Practice Book § 23-18 (b) only requires that the preliminary statement of the plaintiff's monetary claim be filed no less than five days prior to a hearing on a motion for a judgment of strict foreclosure. In the present case, the plaintiff filed its preliminary statement of its monetary claim on September 9, 2009—almost *nine years* prior to the hearing on the motion for a judgment of strict foreclosure. Thereafter, the plaintiff filed additional affidavits of debt, informing the defendant how much she owed, including on April 8, 2010, December 31, 2013, February 17, 2017, and June 18, 2018. Therefore, the plaintiff properly complied with Practice Book § 23-18 (b), and the court did not abuse its discretion by granting the motion for a judgment of strict foreclosure.[5]

### IV

Lastly, the defendant claims that the court abused its discretion when it denied the defendant's motion reargue the judgment of strict foreclosure. She asserts that the trial court "overlooked the fact that the requirement that the preliminary statement of debt be filed no less than five days [before a hearing on a motion for a judgment of strict foreclosure] in Practice Book [§] 23-18 was mandatory and that the defendant should be informed of the amount of the debt including interest to the date of the hearing." (Emphasis omitted.) We disagree.

"[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citation omitted; internal quotation marks omitted.) *Gianetti* v. *Gerardi*, 122 Conn. App. 126, 129, 998 A.2d 807 (2010).

Again, because the court had before it several affidavits containing a preliminary statement of the plaintiff's monetary claim that were filed far in advance of five

days before the hearing on the motion for a judgment of strict foreclosure, including the preliminary statement filed on September 9, 2009, the court did not overlook the five day requirement of Practice Book § 23-18. See part III of this opinion. In addition, the defendant failed to proffer any additional or new evidence separate from that which the court heard in the prior proceeding, nor did she demonstrate a misapprehension of facts or claims of law that the court failed to address. Accordingly, the court did not abuse its discretion when it denied the defendant's motion to reargue the judgment of strict foreclosure.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Pawel Toczek and Metro Roofing Supplies, Inc., were also named as defendants but are not involved in this appeal. We therefore refer in this opinion to Aleksandra Toczek as the defendant.

[2] The original plaintiff, Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, was acquired on November 1, 2009, by Wells Fargo Bank, N.A., which was substituted as the plaintiff in this case on April 12, 2010. We therefore refer in this opinion to Wells Fargo Bank, N.A., as the plaintiff.

[3] The defendant filed an amended appeal on July 30, 2018. Her appeal form indicates that she is appealing from the following: (1) motion for a judgment of strict foreclosure, (2) motion to dismiss, (3) motion to open summary judgment, (4) motion for summary judgment, (5) discovery motions, (6) motion to reargue the judgment of strict foreclosure, and (7) motion for a protective order. In her appellate brief and in her oral argument before this court, the defendant did not address claims two, three, five, or seven; therefore, we will only address claims one, four, and six, as well as her subject matter jurisdiction claim. See *Nowacki* v. *Nowacki*, 129 Conn. App. 157, 163, 20 A.3d 702 (2011) ("[i]t is well settled that [w]e are not required to review claims that are inadequately briefed" [internal quotation marks omitted]).

[4] General Statutes § 42a-3-104 (a) provides in relevant part: "Except as provided in subsections (c) and (d), 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order . . . ."

[5] In *Bank of New York Mellon* v. *Horsey*, 182 Conn. App. 417, 433–34, 190 A.3d 105, cert. denied, 330 Conn. 928, 194 A.3d 1195 (2018), the parties presented similar arguments concerning the five day notice provision of Practice Book § 23-18 (b). Similar to the present appeal, the plaintiff in *Bank of New York Mellon* filed multiple affidavits of debt. Id. The first affidavit was filed many years before the trial court conducted its hearing on a motion for a judgment of strict foreclosure, while the most recent affidavit was filed four days prior to the hearing. Id. The issue of timeliness, however, was not raised properly before the trial court, and, thus, this court did not address "whether Practice Book § 23-18 was satisfied by the filing of the initial affidavit of debt . . . ." Id., 434.